IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM BERNARD CREWS,
    Plaintiff,

vs.                                     Case No. 5:05cv166/SPM/MD

WILLIE RAINES, et al.,
    Defendants.

_____

ORDER and
REPORT AND RECOMMENDATION

      This cause is before the court upon plaintiff's second amended civil rights complaint (doc. 8)[1] filed pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and plaintiff's Motion to Show Cause (doc. 13). Upon review of these submissions, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

      Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis* (doc. 6), is currently confined at the Federal Correctional Institution in Williamsburg, South Carolina. He was confined at the Federal Correctional Institution in Marianna, Florida ("FCI-Marianna") at the time of the events giving rise to his complaint. Named as defendants in this action are Willie Raines, Counselor at FCI-Marianna;

___

[1] Although plaintiff filed his second amended complaint on the form for use in actions arising under 42 U.S.C. § 1983 which pertains to conduct committed by a person acting under color of state law, plaintiff neither claims nor alleges facts to suggest that defendants were acting under color of state law. Rather, he alleges that defendants were acting under color of federal law when they engaged in the alleged unconstitutional conduct. The cause of action available to a prisoner claiming a violation of his civil rights by a federal official is 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Thus, plaintiff's second amended complaint is construed as arising under *Bivens*.

Eddie Snell, Case Manager at FCI-Marianna; Don Bart, Unit Manager at FCI-Marianna; James Barron, Warden at FCI-Marianna; R.E. Holt, Administrative Remedy Coordinator at the Southeast Regional Office of the Federal Bureau of Prisons ("BOP"); and Harley Lappin, Administrative Remedy Coordinator at the Central Office of the BOP (doc. 8, p. 2).  Plaintiff claims defendants were deliberately indifferent to his health in violation of the Eighth Amendment when they allowed him to be exposed to high levels of environmental tobacco smoke ("ETS") while plaintiff was incarcerated at FCI-Marianna from December 22, 2000 to September 20, 2004.  As a result of this exposure, plaintiff states he suffered a sore throat, high blood pressure and itching of the eyes.  As relief, plaintiff seeks compensatory damages in the amount of $136,500.

Since plaintiff is a prisoner, this court is required to review the complaint as soon as practicable after docketing, and dismiss the action if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §1915A(b)(1).  A complaint is frivolous under section 1915 "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of plaintiff's second amended complaint and Motion to Show Cause, the court concludes that plaintiff cannot present an actionable claim.

**Title 42 U.S.C. § 1997e provides in relevant part:** "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)); *see also Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998) (exhaustion requirement applies to *Bivens* actions brought by federal prisoners).[2]

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force of some other wrong. *Porter v. Nussle*, *supra*. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. at 1825; *see also Zolicoffer v. Scott,* 55 F.Supp.2d 1372, 1375 (N.D. Ga. 1999), *aff'd,* 252 F.3d 440 (11th Cir. 2001). The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, *supra*. Based

---

[2] The purpose of the exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983. In *Alexander*, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1) to avoid premature interruption of the administrative process;
(2) to let the agency develop the necessary factual background upon which decisions should be based;
(3) to permit the agency to exercise its discretion or apply its expertise;
(4) to improve the efficiency of the administrative process;
(5) to conserve scarce judicial resources;
(6) to give the agency a chance to discover and correct its own errors; and
(7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)). These sound reasons are certainly applicable to the instant case.

on the foregoing, this court must dismiss a claim if it determines that plaintiff failed to exhaust his administrative remedies with respect to that claim prior to filing this lawsuit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander v. Hawk*, 159 F.3d at 1325-26.

The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10 - 542.16. Initially, prisoners must seek resolution of issues through informal grievances. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution by submitting a BP-9 Request for Administrative Remedy. *Id.* at § 542.14. An appeal may then be taken to the Regional Director by submitting a BP-10 Regional Administrative Remedy Appeal. *Id.* at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP by submitting a BP-11 Central Office Administrative Remedy Appeal. *Id.* Each of these steps is generally required to satisfy the exhaustion requirement.

Plaintiff commenced this action on August 10, 2005 (doc. 1, p. 5). In his second amended complaint he states that he presented the facts relating to his complaint in the federal prison grievance procedure (doc. 8, p. 2). To demonstrate exhaustion, plaintiff attached to his amended complaint copies of three grievances and their responses: an informal grievance, a BP-9 Request for Administrative Remedy, and a BP-10 Regional Administrative Remedy Appeal. However, plaintiff failed to demonstrate that he fully exhausted the administrative grievance procedure by appealing to the Office of General Counsel. Accordingly, on November 22, 2005, this court issued an order (doc. 9) directing plaintiff to file an amended complaint that included proof that he fully exhausted his Eighth Amendment claim by submitting a BP-11 Central Office Administrative Remedy Appeal. Plaintiff was warned that if he failed to fully exhaust his administrative remedies prior to filing this lawsuit, this action would be dismissed without prejudice to enable him to do so (doc. 9, p. 4).

Thereafter, plaintiff sought and received a thirty day extension of time, until January 27, 2006, in which to file a third amended complaint (doc. 11). However, that

deadline passed with no response from plaintiff.  Accordingly, on February 8, 2006 this court issued an order directing plaintiff to show cause within twenty days why his case should not be dismissed for failure to prosecute and failure to comply with an order of the court (doc. 12).  In response, plaintiff has filed a Motion to Show Cause requesting a stay "which will allow the Plaintiff the necessary time needed to exhaust his remaining Administrative remedies."  (Doc. 13, p. 2).  In support of his motion, plaintiff states that he did not file a third amended complaint as instructed because he was "awaiting resolution of his administrative remedies."  He goes on to explain:

> The plaintiff was instructed by the Federal Bureau of Prisons that he had to restart all of his administrative remedies in order to be able to submit his final administrative appeal to the Central Office.  According to Central Office, Plaintiff's final appeal was untimely.  Thus, he was required to restart his administrative process.
>
> Plaintiff asserts that this Honorable Court should find that the fact that he has in fact restarted his administrative process in his attempt to prosecute his appeal, this Court should not find that his complaint should be dismissed for failure to prosecute.  Because he is in fact prosecuting this matter through the restarting of his administrative remedies.

(Doc. 13, pp. 1-2).

Attached to plaintiff's Motion to Show Cause are the same grievances and responses he attached to his second amended complaint:  an informal grievance dated April 17, 2005; a BP-9 Request for Administrative Remedy dated April 24, 2005; and a BP-10 Regional Administrative Remedy Appeal dated May 11, 2005.  In addition, plaintiff attached copies of the following:

    (1)  a BP-11 Central Office Administrative Remedy Appeal dated November 28, 2005;

    (2)  a response to the BP-11 appeal entitled "Rejection Notice - Administrative Remedy" dated December 6, 2005.  The rejection notice concerns a Central Office Appeal received on December 5, 2005 regarding plaintiff's "smoke, smoking or tobacco related concerns" and his request for transfer to a non-smoking facility.  The notice states that plaintiff's appeal was

**rejected as untimely, and remarks that the appeal was due June 26, 2005. The notice instructs plaintiff that he would need staff verification on BOP letterhead to document that his untimeliness was not his fault.**

> **(3) an informal grievance dated January 10, 2006;**
>
> **(4) a response to the January 10, 2006 informal grievance;**
>
> **(5) a BP-9 Request for Administrative Remedy dated January 14, 2006;**
>
> **(6) a response to the BP-9 request, dated January 20, 2006.**

(Doc. 13).

In light of the foregoing, even reading plaintiff's pleadings and submissions in a light most favorable to him, the court concludes that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff's untimely appeal to the Central Office does not satisfy the exhaustion requirement, especially since plaintiff made no attempt to document to the Central Office that his untimeliness was not his fault. *See Johnson v. Meadows*, 418 F.3d 1152, 1157-58 (11th Cir. 2005) (holding that an untimely grievance does not satisfy the PLRA's exhaustion requirement),[3] *petition for cert. filed*, (U.S. Sept. 8, 2005) (No. 05-6336). Plaintiff's later attempt to satisfy the exhaustion requirement by "restarting" the grievance process is of no help in this case, because the PLRA requires a prisoner to complete the administrative remedy process <u>prior to commencing his lawsuit</u>. The court no longer has the discretion to stay the case. *Alexander*, 159 F.3d at 1325; *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) (holding that if exhaustion was not completed at the time of filing, dismissal is mandatory); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (affirming dismissal of inmate's complaint who was in the process of exhausting his administrative remedies); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002) (affirming dismissal when inmate failed to exhaust the administrative remedies in place); *Neal v. Boord*, 267 F.3d 116, 121-22

---

[3]Specifically the *Johnson* court held that the PLRA's exhaustion requirement contains a procedural default component which requires state prison inmate bringing a § 1983 action against prison officials over alleged prison conditions to have timely met the deadlines or the good cause standard of his state's administrative grievance procedures before filing a federal claim, and therefore barred his action where he filed his grievance out-of-time and without good cause.

(2nd Cir. 2001) (affirming dismissal of inmate's complaint because he failed to exhaust his administrative remedies on each of his claims, although some were exhausted during the pendency of his litigation), *overruled on other grounds by Porter v. Nussle, supra*; *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (affirming dismissal of inmates' complaint because they had begun, but not yet exhausted, the prison grievance procedure); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing inmate's complaint because he filed his federal complaint before allowing the administrative process to be completed); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 538 (7th Cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing); *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (affirming dismissal of inmate's complaint even though the claims were exhausted several days after the prisoner filed the action). Instead, dismissal of this action without prejudice is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

Accordingly, it is ORDERED:

Plaintiff's Motion to Show Cause (doc. 13) is DENIED.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of February, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[4] A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted).

Case No: 5:05cv166/SPM/MD

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**